UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

RAMIRO ANGEL SANTIAGO RIVERA,

        Petitioner,               Case No. 1:21-cv-688

v.                                   Honorable Paul L. Maloney

IMMIGRATION AND CUSTOMS
ENFORCEMENT,

        Respondent.
_____/

## **OPINION**

This is a habeas corpus action brought by an immigration detainee under 28 U.S.C. § 2241. A court must promptly order an answer or grant the writ under § 2241, "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. After undertaking the review required by § 2243, the Court concludes that the petition must be dismissed, because it fails to raise a federal claim cognizable under § 2241.

## **Discussion**

Petitioner Ramiro Angel Santiago Rivera is incarcerated with Immigration and Customs Enforcement (ICE) at the Calhoun County Jail in Battle Creek, Michigan. Petitioner reports that he is being held on an immigration charge (Pet., ECF No. 1, PageID.1–2) and that he was taken into custody on December 19, 2019 (*Id.*, PageID.5). Petitioner did not file an appeal with the Board of Immigration Appeals or the United States Court of Appeals. (*Id.*)

The form petition asks Petitioner to identify the grounds that support his claim that he is being held in violation of the Constitution, laws, or treaties of the United States. (*Id.*, PageID.6.) Petitioner refers the Court to his supporting memorandum. (*Id.*)

The supporting memorandum indicates that petitioner seeks release under § 2241 because ICE, through the Calhoun County Jail, is denying Petitioner meaningful access to the courts by failing to provide appropriate legal materials or assistance.  (Pet'r's Memo., ECF No. 1-1, PageID.11–14.)  In the memorandum, Petitioner specifically references relief available under 42 U.S.C. § 1983, not 28 U.S.C. § 2241 (or *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971),[1] for that matter).

In *Allen v. Lamanna*, 13 F. App'x 308 (6th Cir. 2001), the Sixth Circuit Court of Appeals considered whether a federal prisoner could raise a First Amendment "access to the courts" claim by way of a habeas petition under § 2241:

> [A] § 2241 habeas petition is not the appropriate vehicle for challenging the conditions of his confinement.  Here, Allen essentially argued that his convictions and sentence are improper because he was never provided a copy of the charging documents in Spanish, and because he has been denied access to the courts to challenge his convictions and sentence because he does not have access to Spanish research materials or access to legal assistance in Spanish.  These type of claims may not be brought under 28 U.S.C. § 2241, which is reserved for challenges to the execution of a sentence, such as the computation of parole or sentence credits, and may not be used to challenge the validity of a conviction or the conditions of confinement.  *See Cohen v. United States*, 593 F.2d 766, 770–71 (6th Cir. 1979).

*Allen*, 13 F. App'x at 311*; see also Brown v. Von Blanckensee*, __ F. App'x __, 2021 WL 3743897 (9th Cir., Aug. 24, 2021) (court held that appropriate remedy for violation of federal prisoner's right of access to the courts was a *Bivens* action, not a habeas corpus petitioner under § 2241); *Williams v. Pearce*, 539 F. App'x 324 (5th Cir. 2013) (court affirmed district court's determination that petitioner's § 2241 petition alleging denial of access to the courts claim was not cognizable); *Akers v. Davis*, 400 F. App'x 332 (10th Cir. 2010) (same); *Jupiter v. Warden, USP Lewisburg*,

---

[1] In *Bivens* the Supreme Court recognized an implied cause of action by individuals who sued federal officers for violations of their constitutional rights.  *Callahan v. Federal Bureau of Prisons*, 965 F.3d 520, 523 (6th Cir. 2020).

237 F. App'x 726 (3rd Cir. 2007) (same).  Petitioner's claim, therefore, is not cognizable under 28 U.S.C. § 2241, and will be dismissed.

## Conclusion

The Court will enter a judgment dismissing the petition without prejudice because Petitioner's claim may be viable under 42 U.S.C. § 1983 or *Bivens*.[2]  In § 2241 cases, the Court need not address whether to grant a certificate of appealability.  *Witham v. United States*, 355 F.3d 501 (6th Cir. 2004).

Dated:   September 2, 2021                                          /s/ Paul L. Maloney
                                                                                         Paul L. Maloney
                                                                                         United States District Judge

---

[2] Whether the relationship between officials at the Calhoun County Jail and ICE renders the jail officials federal actors such that they might be liable under *Bivens*, rather than § 1983, is not clear from Petitioner's pleading.  *See, i.e., Grady v. Aragona*, No. 20-cv-01206, 2020 WL 7123146, at *2 (S.D. Ill. Dec. 4, 2020).